UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TONY RUIZ FONSECA, A# 244 294 160, By Next Friend GEIDY PEREZ ALAMGUER, | § § § § | |
| Petitioner, | § § | SA-26-CV-00317-JKP |
| v. | § § | |
| WARDEN, Karnes County Immigration Processing Center, ET AL., | § § § § | |
| Respondents. | § § | |

**ORDER OF DISMISSAL**

Before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Geidy Perez Alamguer as "next friend" on behalf of Tony Ruiz Fonseca. (ECF No. 1). Fonseca is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon review, the Court orders the Petition **DISMISSED WITHOUT PREJUDICE**. (*Id.*).

The § 2241 Petition, which seeks Fonseca's release from detention, was filed on his behalf by Alamguer, Fonseca's wife, as "next friend." (ECF No. 1). Upon review, it appeared Alamguer lacked standing to initiate this action on behalf of Fonseca. *See Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990) (holding next–friend standing available only when "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability."). Moreover, as a non–attorney, Alamguer could not act on behalf of Fonseca even if she could demonstrate standing. *See* 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel."); *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (holding that a party can represent herself or be represented by counsel but cannot be represented

by nonlawyer) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)). The mandate of § 1654 applies even in the next–friend context. *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter.").

Based on the foregoing, the Court found Fonseca may represent himself in this matter, but he may not be represented by Alamguer, a non–attorney; rather, Fonseca must represent himself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021. Accordingly, the Court rendered a Show Cause Order mandating that Alamguer show cause why this matter should not be dismissed.[1] (ECF No. 4).

Alamguer was served with the Court's Show Cause Order by certified mail, return receipt requested, on January 31, 2026. (ECF No. 6). However, she has not filed a response. The Court finds there is no viable legal basis for Alamguer to act as next friend in this matter. *See Whitmore*, 495 U.S. at 165. Moreover, even if she had been able to demonstrate next–friend standing, she is not an attorney. (ECF No. 1). Thus, her representation of Fonseca in this Court is statutorily precluded. *See* 28 U.S.C. § 1654. Accordingly, the Court finds the current Petition is subject to dismissal without prejudice to the refiling of a *pro se* petition by Fonseca or the refiling of a petition by counsel on behalf of Fonseca.

**IT IS THEREFORE ORDERED** that the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Geidy Perez Alamguer as "next friend" on behalf of Tony Ruiz Fonseca

---

[1] In that same Order, the Court ordered Fonseca to either pay the filing fee or file a properly supported application to proceed *in forma pauperis*. (ECF No. 4). As of the date of this Order, neither has been filed.

(ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to the refiling of a *pro se* petition by Tony Ruiz Fonseca or the refiling of a petition by counsel on behalf of Tony Ruiz Fonseca.

**IT IS FURTHER ORDERED** that the pending motion for immediate release (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

SIGNED this 17th day of February, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE